# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re LINO PEREZ,<br><br>　　　　Petitioner. | Case No. CV 20-8807 RGK (MRW)<br><br>**ORDER SUMMARILY DISMISSING HABEAS ACTION WITHOUT PREJUDICE** |

　　　　The Court dismisses Petitioner's defective state habeas action without prejudice.

　　　　　　　　　　　　　　　　* * *

　　　　Petitioner is an inmate at the state prison in Susanville, California. He filed a motion in this Court requesting the appointment of an attorney to represent him in an as-yet-filed habeas corpus action in this federal court challenging his state court criminal conviction. In support of his request for an attorney, Petitioner asserts (with no supporting declaration or evidence) that he is indigent, illiterate, and "cannot represent myself in appealing the conviction of this case." (Petition at 1.)

Petitioner does not have an active case or habeas petition on file in this district. Petitioner's submission provides no information regarding his criminal case or the claims of error he wishes to assert on habeas review in federal court.

\* \* \*

Petitioner's request must be denied. The U.S. Supreme Court has held that there is no right to appointed counsel in habeas proceedings filed in federal court. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In order to qualify for a discretionary appointment of an attorney, a prisoner must show that the "circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Pratt v. Filson, 705 F. App'x 523 (9th Cir. 2017) (same). This requires a "substantial showing" of obstacles beyond those "which are faced by many state habeas petitioners." Roe v. Cousey, 469 F. App'x 622, 624 (9th Cir. 2012). Petitioner's bare assertions of indigency and illiteracy are insufficient to meet these standards.

\* \* \*

Further, Petitioner failed to comply with the Rules Governing Section 2254 Cases in the United States District Courts. Rule 2(d) expressly requires that a state prisoner commence a habeas action by using a standard form petition prepared by the Court. In our district, prisoners must complete Form CV-69. That form provides the Court with basic information about the petitioner, his conviction, the prior status of his case in state and federal court, and, most importantly, the federal constitutional claims he wishes to pursue here.

Under the rule, a state prisoner must begin his case by filing a petition for a writ of habeas corpus. At this stage, the Court cannot allow Petitioner to

proceed merely by commencing the action with a request for an appointed lawyer.[1]

\* \* \*

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief."

---

[1] The Court observes that a state prisoner generally has a one-year period after a conviction becomes final (generally, after the conclusion of all appellate proceedings) to commence an action for federal habeas review under AEDPA. 28 U.S.C. § 2244. In California, when a prisoner does not seek certiorari review of a conviction in the U.S. Supreme Court, a prisoner's conviction generally becomes final 90 days after the state supreme court denies a petition for review. <u>Shannon v. Newland</u>, 410 F.3d 1083, 1086 (9th Cir. 2005). The Court presently has insufficient information from which to determine when Petitioner's federal filing deadline is, but it likely is not until February 2021 (one year plus 90 days from November 2019 state supreme court denial of petition for review).

1  Therefore, this action is DISMISSED without prejudice. For Petitioner's convenience, the Clerk is directed to send him another blank Form CV-69 with a copy of this Order.

IT IS SO ORDERED.

Dated: October 2, 2020

HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

4